# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

PLAYBOY.COM, INC.          )
                                      )
         Plaintiff             )
                                        )
       v.                     )     Case No. 09-CV-7029
                                        )
CORRI D. FETMAN          )
                                        )
         Defendant.         )
                                        )

## AMENDED COMPLAINT

Plaintiff Playboy.com, Inc., ("Playboy") by and through its attorneys, and for its

Complaint against Corri D. Fetman ("Fetman") states as follows:

### The Parties

1.      Playboy is a Delaware corporation with its principal place of business in Chicago,

Illinois.

2.      Fetman is an Illinois citizen residing in Chicago, Illinois.

### Jurisdiction and Venue

3.      This action arises under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et*

*seq.*, as amended (the "Lanham Act"), the Illinois Uniform and Deceptive Trade Practices Act,

805 ILCS § 501 *et seq.*, Illinois Unfair and Deceptive Business Practices Act, 815 ILCS §501 *et*

*seq.*, as well as the common law of the State of Illinois.  This Court has subject matter

jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1121, 1125,

and 1116 and supplemental jurisdiction over the state claims stated herein under 28 U.S.C. §

1367.

4.     This Court has personal jurisdiction over Fetman in that this action arises from her transaction of business within this District, and in that Fetman is doing business within this District.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that Fetman resides in this District and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## Facts Common to all Counts

6.     In 1994, *Playboy* was the first magazine with an online presence. Since its historic launch, Playboy has owned and operated www.playboy.com – one of the world's most popular men's websites (the "Site") with more than four million unique global visitors and nearly sixty million page views monthly.

7.     The Site features the finest in entertainment for men, including pictorials, editorials, fiction, animation, videos and related content.

8.     One of Playboy's most popular features on the Site  has been its long-running Playboy Advisor column. The column was originally featured in *Playboy* magazine in September 1960 and provided a forum for readers to submit questions of all types to a Playboy expert.

9.     Playboy sought to continue its tradition of advice to its readers by creating a new column on the Site through which a lawyer would provide advice on love-related matters in the tradition of the Playboy Advisor.

10.     On or around November, 2007, one of Playboy's senior editors coined the phrase LAWYER OF LOVE for this new column.

11.    On or around January 11, 2008, Playboy issued a national press release publicly announcing its upcoming LAWYER OF LOVE column and thereby using the LAWYER OF LOVE trademark in interstate commerce.

12.    Fetman, a local Chicago divorce attorney, had gained notoriety for the brash advertising of her law firm on local billboards wherein she was featured wearing lingerie. Given that she was a local lawyer with some exposure, Playboy approached her to write the LAWYER OF LOVE column.

13.    On March 19, 2008, Playboy entered into a written agreement with Fetman under which she was to provide freelance articles for the LAWYER OF LOVE column ("Agreement"). A complete and correct copy of the Agreement is attached hereto as Exhibit 1.

14.    In accordance with the Agreement, Fetman was to provide content on a weekly basis for Playboy's LAWYER OF LOVE column ("Material") which constituted "work made for hire" basis. Fetman specifically waived any intellectual property rights she may have had to the Material, including the trademark LAWYER OF LOVE. Agreement ¶¶ 1, 2.

15.    Fetman continued to write the column until approximately July, 2008, when the Agreement was terminated by Playboy.

16.    Nearly a year after Playboy terminated the Agreement, on or about August 13, 2009, Fetman filed an application with the United States Patent and Trademark Office seeking to register the LAWYER OF LOVE trademark. An excerpt from the records of the United States Patent and Trademark Office database is attached hereto as Exhibit 2. Fetman filed the application without Playboy's knowledge or authorization.

17.    Fetman's attempt to register the LAWYER OF LOVE trademark was and continues to be in violation of Playboy's exclusive trademark rights which Playboy established through its use of the mark since at least as early as January, 2008.

18.    Further, Fetman continues to represent to the public through her web sites that she has an existing association with Playboy and is currently the author of Playboy's LAWYER OF LOVE column.

19.    Fetman's attempt to register the LAWYER OF LOVE mark, along with the false statements concerning her relationship with Playboy result in irreparable harm and injury to Playboy.  Further, Fetman's actions are designed to deceive the public as to the ownership of the LAWYER OF LOVE mark, and falsely represents a sponsorship by and/or association with Playboy, thereby wrongfully seeking to trade and capitalize upon Playboy's reputation and goodwill.

## COUNT I
### Federal Unfair Competition/False Designation of Origin

20.    Playboy repeats and realleges paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.    Fetman's statements regarding and links to Playboy's LAWYER OF LOVE column  falsely describe to the general public the relationship between Playboy and Fetman. Such false designation of origin  creates a likelihood of confusion amongst consumers as to both the source and sponsorship of such material as well as Fetman's relationship or affiliation with Playboy.

22.    Fetman's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Fetman uses, in connection with goods and services, a false designation of origin in interstate commerce.

4

23.     Unless Fetman is restrained and enjoined by this Court, said acts will continue to cause damage and irreparable injury to Playboy and the goodwill it has established in its LAWYER OF LOVE trademark. Further, such false designation is fraudulent to the general public.

24.     Playboy has no adequate remedy at law and, if Fetman's activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT II**
Illinois Uniform and Deceptive Trade Practices

25.     Playboy repeats and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.     Fetman has harmed Playboy by falsely suggesting that she is affiliated with Playboy and its LAWYER OF LOVE mark.

27.     Fetman's conduct is likely to deceive the public into believing that she is currently authorized by, affiliated with, or sponsored by Playboy.

28.     Fetman's conduct constitutes deceptive trade practices, in violation of the Illinois Uniform and Deceptive Trade Practice Act, 815 ILCS § 510/107.

29.     As a result of the aforesaid acts by Fetman, Playboy has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

30.     Unless Fetman is restrained and enjoined by this Court, said acts will continue to cause damage and irreparable injury to Playboy, its goodwill, and confusion amongst the general public.

31.     Playboy has no adequate remedy at law.

## COUNT III
### Illinois Unfair and Deceptive Business Practices

32.    Playboy repeats and realleges paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.    Fetman has injured Playboy by attempting to deceive the public as to a current association between Fetman and Playboy and by falsely suggesting that she is affiliated with Playboy and its LAWYER OF LOVE mark.

34.    Fetman's conduct constitutes deceptive and unfair business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS §§ 505 1-12.

35.    As a result of the aforesaid acts by Fetman, Playboy has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

36.    Unless Fetman is restrained and enjoined by this Court, said acts will continue to cause damage and irreparable harm to Playboy, its goodwill, and confusion amongst the general public.

37.    Playboy has no adequate remedy at law.

## COUNT IV
### Common Law Trademark Infringement

38.    Playboy repeats and realleges paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.    Fetman has injured Playboy by using or attempting to use LAWYER OF LOVE in connection with goods and/or services, thereby causing a likelihood of confusion among the relevant public as to Fetman's affiliation with Playboy and its LAWYER OF LOVE mark.

40.     Fetman's conduct constitutes trademark infringement under the common law of the State of Illinois.

41.     As a result of the aforesaid acts by Fetman, Playboy has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

42.     Unless Fetman is restrained and enjoined by this Court, said acts will continue to cause damage and irreparable harm to Playboy, its goodwill, and confusion amongst the general public.

43.     Playboy has no adequate remedy at law.

**COUNT V**
Common Law Unfair Competition

44.     Playboy repeats and realleges paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     Fetman has harmed Playboy by injuring its business reputation and by falsely asserting a current association between Fetman and Playboy and its LAWYER OF LOVE mark.

46.     Fetman's conduct is likely to deceive or confuse the public into believing that Fetman is currently affiliated with Playboy.

47.     Fetman's conduct constitutes unfair competition under the common law of the State of Illinois.

48.     As a result of the aforesaid acts by Fetman, Playboy has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

7

49.     Unless Fetman is restrained and enjoined by this Court, said acts will continue to cause damage and irreparable harm to Playboy, its goodwill, and confusion amongst the general public.

50.     Playboy has no adequate remedy at law.

## COUNT VI
### Breach of Contract

51.     Playboy repeats and realleges paragraphs 1 through 50 of this Complaint as if fully set forth herein.

58.     The Agreement  entered into between Playboy and Fetman is a valid and enforceable contract.

59.     Playboy has fully performed all of its material obligations under the Agreement.

60.     Fetman has attempted to register and use the LAWYER OF LOVE trademark in material breach of the terms of the Agreement.

61.     Playboy has suffered and continues to suffer damages as a result of Fetman's actions.

**WHEREFORE**, Playboy respectfully prays that this Court:

I.      Issue a temporary restraining order and/or a preliminary injunction:

    (a)      Restraining, enjoining and prohibiting Fetman, her respective agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert or participation with Fetman or on Fetman's behalf, from:

        (1)      Using LAWYER OF LOVE or any confusingly similar variation of LAWYER OF LOVE, in connection with her business; or

        (2)      Representing that Fetman or her business, or any goods and services are sponsored or affiliated with Playboy, unless the statement is true; and

II.     After a hearing on the merits, issue a Permanent Injunction prohibiting Fetman from using the LAWYER OF LOVE trademark or creating a likelihood of confusion as to an association between Playboy and Fetman; and

III.    After a hearing on the merits, grant Playboy an award of damages against Fetman, which should be trebled pursuant to the provisions of the Lanham Act, and/or Illinois Statutory and/or common law, grant Playboy's costs and attorneys' fees associated with pursuing this action and prejudgment interest against Fetman; and

IV.     Grant Playboy such other and further relief as this Court deems to be reasonable, necessary, and just.


Dated:  November 9, 2009                    SEYFARTH SHAW LLP


                                            By:    s/ Jason P. Stiehl_____
                                                   One of the Attorneys for the Plaintiff
                                                   PLAYBOY.COM, INC..

Bart A. Lazar, Esq.
Jason P. Stiehl, Esq.
**SEYFARTH SHAW LLP**
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Plaintiff
Playboy.com, Inc